UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIAZA LOCCENITT,    Case # 18-CV-6175-FPG

        Plaintiff,    DECISION AND ORDER

v.

C.O. T. LABRAKE, et al.,

        Defendants.

---

## **INTRODUCTION**

*Pro se* Plaintiff Kiaza Loccenitt filed this civil rights action asserting claims under 42 U.S.C. § 1983 and alleging that correction officers assaulted him and denied him medical treatment for his injuries. ECF No. 1.[1] The Court previously granted Plaintiff permission to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b). ECF No. 7. Defendants now move to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and to conditionally dismiss Plaintiff's Complaint pending payment of the filing fee. ECF No. 10. For the reasons that follow, Defendants' motion to revoke Plaintiff's IFP status is GRANTED. Plaintiff has until April 8, 2019 to pay the $400.00 filing and administrative fees. If the fees are not timely paid, the Complaint will be dismissed without prejudice and without further Court order.

---

[1] In 2014, Plaintiff filed a Complaint against Defendant Correction Officers T. LaBrake, D. Vankelburg, D. Sagriff, R. Maloy, J. Cook T. Ferguson, Sergeant P. Brinkeroff, and Nurse T. Jones. *See Loccenitt v. LaBrake*, Case # 14-CV-6703-FPG ("First Action"). The First Action was dismissed because Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *Id*. at ECF No. 50 (Feb. 12, 2018). In accordance with the Court's instruction set forth in the Order dismissing the First Action, Plaintiff filed this action on February 28, 2018 re-asserting the claims set forth in the First Action.

## DISCUSSION

**I.      IFP Status**

When an individual commences a civil action in a federal district court, he ordinarily must pay the $350.00 statutory filing fee and $50.00 administrative fee.[2] 28 U.S.C. § 1915(a). Although a court can allow a litigant to proceed IFP if he cannot pay the required filing fee, § 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). This "three strikes" provision is meant to deter prisoners from filing multiple, frivolous civil rights suits. *Tafari v. Hues,* 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir. 1997)). Thus, a prisoner who has accumulated three strikes must apply the same cost-benefit analysis before filing suit that other civil litigants engage in— that is, the prisoner must assess whether the result sought to be achieved justifies paying the $400 filing fee in advance. *Tafari,* 473 F.3d at 443. The Second Circuit has defined a frivolous claim as one that "lacks an arguable basis either in law or in fact." *Id*. at 442 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). To determine whether a dismissal satisfies the failure-to-state-a-claim prong of § 1915, courts have looked to Federal Rule of Civil Procedure 12(b)(6) for guidance. *Id*. The question of whether the dismissal of a prior action constitutes a strike for purposes of § 1915(g) is a matter of statutory interpretation and thus is a question for the court. *Id.*

---

[2] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, *available at* http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. But this additional administrative fee does not apply to prisoners who are granted *in forma pauperis* status. *See generally id*.

Defendants argue that before Plaintiff filed this case he already had three lawsuits dismissed and that each dismissal constitutes a strike under § 1915(g). ECF No. 10-1 at 2. Defendants therefore seek to revoke Plaintiff's IFP status and conditionally dismiss his Complaint. Plaintiff argues that one of his dismissals is not a strike. ECF Nos. 18, 21.[3]

## II. Plaintiff's "Strikes"

Plaintiff does not dispute that two of the cases Defendants identified, each filed in the Southern District of New York, constitute strikes. On September 6, 2012, Plaintiff accrued his first strike in *Loccenitt v. Bloomberg, et al.*, Case # 11-CV-5651, when the court granted the defendants' Rule 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim. ECF No. 10 at 2. On November 14, 2012, Plaintiff accrued his second strike in *Loccenitt v. Warden of GRVC/CPSU, et al.,* Case # 12-CV-1350, when the court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for its failure to state a claim upon which relief can be granted. ECF No. 10 at 2.

Defendants argue that, on December 29, 2014, Plaintiff accrued his third strike in *Loccenitt v. Pantea*, Case # 12-CV-1356. ECF No. 10 at 2. There, the court granted the defendants' Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. *Id.*; *see Loccenitt v. Pantea*, No. 12 CIV. 1356 (AT), 2014 WL 7474232 (S.D.N.Y. Dec. 29, 2014). Plaintiff contends that the dismissal in that case was not a strike because it was "dismissed due to a settlement agreement" in *Loccenitt v. City of New York, et al.*, Case # 12-CV-948, and claims Defendants are "using every manner of trickery to dismiss this case before justice can be rendered for [their] wrongdoing." ECF No. 21 at 3.

---

[3] In his Response, Plaintiff argues that *Loccenitt v. City of New York, et al.*, Case # 10-CV-8319, was not a strike. ECF No. 18 at 2-3. But that case is not one that Defendants claim constitutes a strike. ECF No. 10 at 2; ECF No. 20 at 1.

3

In February 2012, Plaintiff commenced *Loccenitt v. City of New* York, and he commenced *Pantea* about three weeks later. *Pantea*, 2014 WL 7474242, at *1. In December 2013, Plaintiff entered into a settlement agreement in *Loccenitt v. City of New York* which, in relevant part, "released the City of New York and its past and present officials, employees, representatives, and agents from any and all claims that were asserted, alleging a violation of Plaintiff's civil rights from the beginning of the world to the date of the Release." *Id*. at *1, 3 (internal quotation marks, brackets, and ellipses omitted). Plaintiff then continued to pursue his claims in *Pantea* against the prison's acting physician. *Id*. In granting the defendant's Rule 12(b)(6) motion to dismiss, the *Pantea* court ultimately found that the defendant "qualifies as a City agent" and that "the prior settlement agreement bars this action." *Id*. at *3.

Plaintiff argues that the *Pantea* dismissal is not a strike for purposes of § 1915(g) because it was dismissed "due to the settlement." ECF No. 21 at 3. But a dismissal pursuant to Rule 12(b)(6) for failure to state a claim constitutes a strike. *See Tafari*, 473 F.3d at 442 (noting that "the phrase 'fails to state a claim on which relief may be granted'" as used in § 1915(g) is an "explicit reference" to Rule 12(b)(6)). Thus, the Court finds that the three dismissals Defendants cite constitute "strikes" under § 1915(g).

Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), the Court must revoke Plaintiff's IFP status unless he has claimed to be under imminent danger of serious physical injury; however, Plaintiff has made no such allegations here.

## **CONCLUSION**

Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 10) is GRANTED. Plaintiff has until April 8, 2019 to pay the $400.00 filing and administrative fees. If Plaintiff does not

4

timely pay the filing fees, his Complaint will be dismissed without prejudice and the Clerk of Court will terminate this action without further order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: March 6, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court